UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM B. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:08-cv-00917-LJM-TAB |
| ) | |
| JAMES GREESON, ) | |
| in his official capacity, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant's, James Greeson ("Defendant"), Motion for Summary Judgment (Dkt. No. 45). Plaintiff, William B. Bryant ("Plaintiff"), brings an action under 42 U.S.C. § 1983 alleging that Defendant, in his official capacity as Chief of the Indianapolis Fire Department ("IFD"), denied him a promotion to the rank of Battalion Chief in violation of his rights under the Fifth and Fourteenth Amendments of the United States Constitution. Dkt. No. 1. Defendant now asks the Court to grant summary judgment in his favor pursuant to Fed. R. Civ. P. 56. The Court has carefully considered the parties' arguments and, for the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has been employed with IFD since 1972 and has held the rank of Captain since 1988. Dkt. No. 52 at 1. In 2006, Plaintiff sought a promotion to the merit rank of Battalion Chief through IFD's merit promotion system. Dkt. No. 46. at 1; Dkt. No. 1 at 3.

Plaintiff was not promoted to Battalion Chief. *Id.* Plaintiff filed suit in this Court alleging that the failure to promote him violated the IFD merit promotion system and therefore violated his right to due process under the Fifth and Fourteenth Amendments of the U.S. Constitution. Dkt. No. 1 at 4. Defendant contends that Plaintiff had no property interest in the promotion. Dkt. No. 46 at 1.

Vacancies in Lieutenant, Captain, and Battalion Chief positions in IFD are filled through the merit promotion system. Indianapolis, Ind. Rev. Code § 252-206 (2010). Candidates wishing to be considered for these positions must apply and possess a number of qualifications, including those related to training, education, and experience. *Id.* To qualify for a merit promotion from Captain to Battalion Chief, an individual must have served as a captain for at least two years and be selected through the merit promotion process. *Id.*

During the merit promotion process, candidates are placed on an eligibility list, which ranks the candidates based on their cumulative score on the merit selection procedures. Dkt. No. 47, Defendant's Ex. A ("Greeson Dep.") at 8. Factors considered in determining the cumulative score include a written test, oral interviews, composite score of classes, certifications, education, and seniority within IFD. *Id.* To be considered for a merit promotion, a candidate must be on the eligibility list. *Id.*

Merit promotion decisions are made by the chief with the approval of the merit board. Indianapolis, Ind. Rev. Code § 252-206(d) (2010). The statute detailing the considerations for promotion reads as follows:

> In making final selections for promotion, the chief shall promote the candidate who, in the opinion of the chief and merit board, is best qualified for the position based on such considerations as cumulative score on the merit

      selections procedures, the qualifications of the candidate for promotion, and community and legal obligations of the department and the city.

*Id.* The statute provides that all promotions to Lieutenant, Captain, or Battalion Chief shall be made through the merit promotion system and that there are to be no "acting ranks." Indianapolis, Ind. Rev. Code §§ 252-206(a), (f) (2010).

      Plaintiff sought to be promoted from the merit rank of Captain to the merit rank of Battalion Chief and completed the merit selection procedures for the 2004/2005 merit promotion process. Dkt. No. 46. at 1; Dkt. No. 1 at 3. He was placed on the 2004/2005 eligibility list in eleventh position. Dkt. No. 52, Plaintiff's Ex. E (March 25, 2005 Final Eligibility List). During the time that Plaintiff was on the eligibility list, ten others were promoted to Battalion Chief. Dkt. No. 52, Plaintiff's Ex. D. Those promoted were ranked first through eighth, tenth, and thirteenth on the eligibility list. *Id.* Plaintiff remained on the eligibility list until the list was retired on December 31, 2006. Dkt. No. 52, Plaintiff's Ex. F. Plaintiff never was promoted to the merit rank of Battalion Chief. Dkt. No. 46 at 1.

      In 2007, following the retirement of the eligibility list, Washington Township Fire Department and Warren Township Fire Department were merged into IFD. Dkt. No. 47, Defendant's Ex. B ("Greeson Aff.") at ¶ 8. In the time between the merger and the new merit promotion process, several employees who had not obtained the merit rank of Battalion Chief were appointed to Battalion Chief and Safety Officer[1] vacancies outside of the merit promotion system. Greeson Dep. at 18, 38, 41. The parties dispute whether these appointments were temporary or whether they constituted impermissible "acting

---

[1] Safety Officer is a specific job title requiring a merit rank of Battalion Chief. *See* Greeson Aff. at ¶ 18.

ranks."

A new merit promotion process was not started until the end of 2007, resulting in the 2007/2008 eligibility list. Greeson Aff. at ¶ 13. This new list allowed former IFD personnel as well as personnel from the newly-merged townships to apply for consideration in the merit promotion process. *Id.* at ¶ 14. Plaintiff was ranked twentieth on the 2007/2008 eligibility list. Dkt. No. 52, Plaintiff's Ex. D. He was not promoted to Battalion Chief. *Id.* Candidates ranked first through thirteenth on the 2007/2008 eligibility list were promoted to Battalion Chief. *Id.*

On March 10, 2008, Plaintiff filed a grievance against IFD alleging that he was not promoted in violation of the requirements of the merit promotion system. Dkt. No. 47, Defendant's Ex. J, at 2. The grievance was submitted to a three-person grievance panel in accordance with IFD's grievance policy. *Id.* at 5; *see generally* Dkt. No. 47, Defendant's Ex. I (General Order detailing IFD's internal grievance procedure). The panel found that the grievance "ha[d] no merit" and its findings stated that "the Board feels this matter is beyond the scope of the authority of the internal grievance board." Dkt. No. 47, Defendant's Ex. J, at 5. The chief of IFD concurred with the panel's decision. *Id.* at 6. Plaintiff contends that during the grievance procedure, he was not permitted to present his case to the panel. Dkt. No. 52, Plaintiff's Ex. A ("Bryant Dep.") at 50–53.

On July 9, 2008, Plaintiff filed suit in this Court under 42 U.S.C. § 1983 alleging violations of his Fifth and Fourteenth Amendment rights. Dkt. No. 1 at 4. Plaintiff alleges

4

that he has a property interest "in his membership on the eligibility list,"[2] and that retirement of the 2004/2005 eligibility list deprived him of that interest. Dkt. No. 52 at 2. Defendant moved for Summary Judgment, arguing that Plaintiff has no property interest and, therefore, no right to due process and, alternatively, that the internal grievance procedure provided Plaintiff with constitutionally adequate process. Dkt. No. 46 at 1, 8.

## II. COMPLIANCE WITH LOCAL RULE 56.1

Defendant asserts that Plaintiff's response to the Motion for Summary Judgment fails to comply with Local Rules because a section labeled "Statement of Material Facts in Dispute" is not included and the response includes impermissible legal arguments as statements of fact. Dkt. No. 62 at 3–4. Local Rules require that the nonmoving party's response to a motion for summary judgment "include a section labeled 'Statement of Material Facts in Dispute' which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment." S.D. Ind. L.R. 56.1(b). Plaintiff's response fails to comply with this Rule in that there is no section so labeled. *See* Dkt. No. 52. However, the Court may excuse noncompliance in the interests of justice. S.D. Ind. L.R. 56.1(i). Because Plaintiff does respond to each of Defendant's facts with contrary factual citations, the Court will excuse Plaintiff's noncompliance. *See Harmon v. OKI Systems*, 115 F.3d 477, 481 (7th Cir. 1997) (excusing

---

[2] Plaintiff initially appeared to argue that he had a property interest in the promotion to Battalion Chief itself. See Dkt. No. 1. However, since Defendant apparently accepts Plaintiff's shift in focus without protest—*see* Dkt. No. 62 at 8—the Court will proceed with Plaintiff's membership on the list as the subject of dispute.

noncompliance with S.D. Ind. L.R. 56.1 where opponent and court could easily understand the legal and factual issues raised by nonmovant).

In addition, Plaintiff's responses to Defendant's statement of facts include a number of assertions that are legal rather than factual. *See generally* Dkt. No. 52 at 2–5 (including statements of legal conclusions such as Plaintiff "was not afforded due process" and "the ordinance must be construed"). To the extent that Plaintiff's response is argumentative, the Court will disregard those statements in determining whether a genuine issue of material fact exists. *See Patterson v. Ind. Newspapers, Inc.*, No. 05-CV-881, 2008 WL 833466, *2 (S.D. Ind. Mar. 27, 2008) (disregarding "largely argumentative" parts of a response).

### III.  STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990). Motions for summary judgment are governed by Fed. R. Civ. P. 56(c) ("Rule 56"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322–23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the

moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

## IV. DISCUSSION

### A. FIFTH AMENDMENT CLAIMS

Defendant contends that because IFD is an agency of the local, rather than federal, government, all Fifth Amendment claims against him must be dismissed. Plaintiff does not appear to challenge this argument. Only federal government actors, not state or local government actors, are subject to the limitations of the Fifth Amendment. *Dreyer v. City of Kokomo*, No. IP00-1914, 2002 WL 392923, *5 (S.D. Ind. Jan. 17, 2002) (McKinney, C.J.). IFD is not a federal government actor. *See* Ind. Code § 36-8-3.5-1 (2006); Indianapolis, Ind. Rev. Code §§ 252-101 *et seq.* (2010) (organizing IFD as a division of the Indianapolis–Marion County consolidated government). Therefore, Plaintiff's claims must be dismissed to the extent they rely solely on rights guaranteed under the Fifth Amendment.

### B. FOURTEENTH AMENDMENT DUE PROCESS

When a plaintiff alleges a violation of his due process rights under 42 U.S.C. § 1983, he must show deprivation of a property right secured by the Constitution and that the deprivation occurred under color of state law. *Waubanascum v. Shawano Cnty*, 416 F.3d 658, 665 (7th Cir. 2005); *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005). The parties agree that Defendant acted under color of state law. In addition, there is no dispute that Plaintiff suffered a deprivation when the 2004/2005 eligibility list was retired.

Accordingly, the only remaining issue is whether membership on the eligibility list constitutes a constitutionally protected property right.

In order to claim a constitutionally protected property interest, a person must have a "legitimate claim of entitlement" to a particular benefit. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). "A protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 943 (7th Cir. 1996). However, more than an "abstract need or desire for a benefit . . . [or] a unilateral expectation of it" is necessary. *Roth*, 408 U.S. at 577. In determining whether due process requirements apply, courts look not to the weight but the nature of the interest at stake. *Id.* at 571.

Plaintiff claims that he has a constitutionally protected property interest in his membership on the 2004/2005 eligibility list. Dkt. No. 52. Other courts that have dealt with similar promotion eligibility lists have been reluctant to recognize a constitutionally protected property interest, particularly in cases where membership on the list does not guarantee a promotion. *See Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322, 327 (7th Cir. 2002) (no entitlement to remain on Muncie Fire Department hiring list); *Czypryn v. Burke*, No. 07-CV-350, 2009 WL 972841, *2 (S.D. Ind. Apr. 9, 2009) (Lawrence, J.) (no entitlement to remain on Terre Haute Police Department hiring list); *Austin v. Vanderburgh Cnty. Sheriff Merit Comm'n*, 761 N.E.2d 875, 881 (Ind. Ct. App. 2002) (no entitlement to placement on sheriff's department promotion list when placement on the list did not guarantee plaintiff's promotion); *Reed v. Schultz*, 715 N.E.2d 896, 902 (Ind. Ct. App. 1999) (no entitlement in placement on list of Special Education Hearing Officers).

In this case, there is no question that one's inclusion on the eligibility list does not guarantee a promotion:

> In making final selections for promotion, the chief shall promote the candidate who, *in the opinion of the chief and merit board*, is best qualified for the position based on *such considerations as* cumulative score on the merit selections procedures, the qualifications of the candidate for promotion, and community and legal obligations of the department and the city.

Indianapolis, Ind. Rev. Code § 252-206(d) (2010) (emphasis added). Rather, the plain language of the ordinance gives the chief and the merit board discretion in promoting candidates from the eligibility list. Plaintiff has brought forth no evidence to suggest that a candidate's rank on the eligibility list in any way limits the chief's or merit board's discretion to promote any candidate on the list. Therefore, in accord with the above cited cases, the Court concludes that Plaintiff has not raised a genuine issue of material fact with regard to whether he has a constitutionally protected property interest in his membership on the eligibility list. Because there is no constitutionally protected property interest in this case, the Court need not consider whether Plaintiff was afforded due process.

## V.  CONCLUSION

For the reasons outlined above, Defendant's Motion for Summary Judgment (Dkt. No. 45) is **GRANTED**.  Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.  Judgment shall enter accordingly.

IT IS SO ORDERED this 27th day of August 2010.

                                                                     _____
                                                                     LARRY J. McKINNEY, JUDGE
                                                                     United States District Court
                                                                     Southern District of Indiana

Distribution to:

Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER LLC
ad@bdlegal.com

Katie J. Kawiecki
OFFICE OF CORPORATION COUNSEL
kkawiecki@indy.gov